## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT LEE BROWN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No.  11-1758 (RJL) |
| | : | |
| U.S. PAROLE COMMISSION, | : | |
| | : | |
| Respondent. | : | |

FILED

NOV ⁓ ⁓ ⁓⁓⁓⁓

Clerk, ⁓ ⁓ District ⁓ ⁓⁓⁓⁓⁓⁓⁓⁓
Court for the ⁓⁓⁓⁓⁓ ⁓⁓ ⁓⁓⁓⁓⁓⁓⁓⁓

### MEMORANDUM OPINION

This matter is before the Court on Robert Lee Brown's petition for a writ of habeas corpus and the United States Parole Commission's motion to dismiss the petition. For the reasons discussed below, the motion is GRANTED.

### I. BACKGROUND

Petitioner, having served a prison sentence on his conviction for second degree burglary, was released on parole on August 8, 2009.  U.S. Parole Comm'n's Mot. to Dismiss Pet'r's Pet. for Writ of Habeas Corpus ("USPC Mot."), ECF No. 9, Ex. 2 (undated Certificate of Parole to Detaining Authorities) at 1.  He was to remain under supervision until June 18, 2014.  *Id.*, Ex. 2.  Before his term of parole supervision expired, on February 10, 2011, the USPC issued a warrant for petitioner's arrest.  *Id.*, Ex. 4 (Warrant dated Feb. 10, 2011).  Petitioner was charged with three violations of the conditions of his release: use of dangerous and habit forming drugs, failure to submit to

drug testing, and a law violation—his arrest in the District of Columbia on October 15,

2010, for unlawful entry.[1]  *Id.*, Ex. 3 (Warrant Application dated Feb. 10, 2011) at 2.  The

USPC instructed the United States Marshal for the District of Columbia to lodge the

warrant as a detainer if petitioner already was in custody.  *Id.*, Ex. 5 (Memorandum from

Steven M. Brunson, Case Analyst, USPC, to U.S. Marshal, District of Columbia, dated

Feb. 10, 2011).

Petitioner allegedly had committed a series of burglaries in Washington, D.C., and

upon his arrest, Metropolitan Police Department officers discovered the USPC's

outstanding parole violator warrant.  USPC Mot., Ex. 6 (Declaration dated April 23,

2011).  On April 21, 2011, petitioner was arrested on the warrant and was "charged with

a new burglary case."  Pet. For Writ of Habeas Corpus ("Pet.") at 4, ECF No. 1.

According to respondent, petitioner pled guilty on September 6, 2011 to three counts of

second degree burglary and one count of attempted second degree burglary.  USPC Mot.

at 2-3.[2]  According to the D.C. Superior Court docket, petitioner was sentenced on

November 14, 2011 to an aggregate prison term of 108 months.  *See* Sentence, Nov. 14,

2011, *United States v. Brown*, No. 2011-CF3-7401 (D.C. Super. Ct.); *see also* USPC

Mot., Ex. 1 (Sentence Monitoring Computation Data as of 03-16-2012) at 1-2.

The USPC has since withdrawn the February 10, 2011 violator warrant on the

ground that the "108-month prison term imposed in 2011 CF3 007401 is an adequate

---

[1] Respondent represents that this criminal case was dismissed for want of prosecution on January 13, 2011.  USPC Mot. at 2 n.1.

[2] Respondent refers to Exhibits 8 and 9 it its motion.  It appears that Exhibit 8 is misidentified, and Exhibit 9 is not attached.

sanction for the alleged parole violation behavior." USPC Mot., Ex. 8 (Notice of Action dated April 6, 2012).

## II. DISCUSSION

Petitioner alleges that he had been in custody for several months after his arrest on April 21, 2011, without having "had a revocation hearing or anything." Pet. at 5. Ordinarily, "[a] parolee who is retaken and held in custody in the District of Columbia on a warrant issued by the [USPC], and who has not been convicted of a new crime, shall be given a probable cause hearing by an examiner . . . no later than five days from the date of such retaking." 28 C.F.R. § 2.101(a). In this case, although petitioner was arrested on the USPC's parole violator warrant, the USPC declined to initiate parole revocation proceedings so that the new criminal charges could be adjudicated. *See Saylor v. U.S. Bd. of Parole*, 345 F.2d 100, 103 (D.C. Cir. 1965) (recognizing that federal parole board "should have some reasonable time and latitude in deciding whether to return [a federal parolee] to the federal institution to serve the balance of his term or to surrender him to the local authorities for state prosecution"), *cert. denied*, 382 U.S. 909 (1965). Instead, the USPC lodged its warrant as a detainer. *See* 28 C.F.R. §§ 2.98(c)(3), 2.100(a). At that time, the USPC was under no obligation to act because petitioner's "confinement and consequent liberty loss derive[d] not in any sense from the outstanding parole violator warrant." *Moody v. Daggett*, 429 U.S. 78, 86 (1976). Moreover, the USPC has withdrawn its warrant and thereby has declined to take further action with respect to petitioner's parole. Accordingly, petitioner's petition has been rendered moot.

3

## III. CONCLUSION

Petitioner has not shown that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). The USPC's motion to dismiss is GRANTED and the petition for a writ of habeas corpus is DENIED. An Order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

DATE: 11/20/12